IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LAMOND JOHNSON                                                                                            PLAINTIFF

vs.                                            Civil No. 4:08-cv-04032

MICHAEL J. ASTRUE                                                                                     DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Lamond Johnson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Supplemental Security Income ("SSI"), and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 2).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his applications for SSI and DIB on July 26, 2004.  (Tr. 12, 51-55, 229-232). Plaintiff alleged he was disabled due to numbness in his hands and feet; wrist pain; headaches; stiffness in his neck and shoulders; lower back pain; chest pain; and eye pain.  (Tr. 65).  Plaintiff alleged an onset date of August 21, 2003.  (Tr. 51, 229).  These applications were denied initially

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

on September 16, 2004 and were denied again on reconsideration on December 17, 2004. (Tr. 27-30, 233, 239). On February 17, 2005, Plaintiff requested an administrative hearing on his applications. (Tr. 41-42). This hearing was held on May 9, 2006 in Texarkana, Texas. (Tr. 243-280). Plaintiff was present and was represented by counsel, Charles Barnette, at this hearing. *See id.* Plaintiff, Dr. Henry K. Hamilton, Mikina Trotter, and Vocational Expert ("VE") William Elmore testified at this hearing. *See id.* On the date of this hearing, Plaintiff was thirty-three (33) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had received his high school diploma. (Tr. 253-254).

On August 24, 2006, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 12-19). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2007. (Tr. 14, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 21, 2003, his alleged onset date. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the following severe impairments: migraine headaches, fibromyalgia, and lumbar and cervical strain. (Tr. 14-15, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 15-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not totally credible. *See id.* Second, the ALJ determined, based upon the review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and or carry 10 pounds occasionally and 10 pounds frequently, stand and or walk about 2 hours in an 8-hour workday and no more than 30 to 45 minutes at one time, sit about 6 hours in an 8-hour workday and no more than 30 minutes at one time, with no climbing of stairs, and occasionally balance and stoop, and never crouch, kneel, or crawl.

*See id.*

The ALJ then evaluated Plaintiff's PRW and his ability to perform that work and other work in the national economy. (Tr. 18-19, Findings 6, 10). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 243-280). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a auto servicer (medium, semiskilled), poultry de-boner (light, unskilled), industrial cleaner (medium, unskilled), and insurance sales person (light, skilled). (Tr. 18, Finding 6). The ALJ determined, considering his RFC, that Plaintiff would be unable to perform any of this PRW. *See id.*

The ALJ then determined, considering her RFC, age, education, and work experience, that Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 18-19, Finding 10). Specifically, the ALJ determined Plaintiff could perform work as a clerk in the book keeping and accounting industry (15,700 such jobs regionally and 338,000 nationally) or as a production worker (5,200 such jobs regionally and 57,000 nationally). (Tr. 13). Thereafter, the ALJ determined Plaintiff had not been under a disability as defined by the Act from August 21, 2003 through the date of the ALJ's decision or through August 24, 2006. (Tr. 19, Finding 11).

On August 28, 2006, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 9). *See* 20 C.F.R. § 404.968. On March 26, 2008, the Appeals Council declined to review this unfavorable decision. (Tr. 4-6). On April 17, 2008, Plaintiff filed the present

appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on April 28, 2008. (Doc. No. 2). Both parties have filed appeal briefs. (Doc. Nos. 5-6). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the following: (1) the ALJ's RFC determination is not supported by substantial evidence; (2) the ALJ's Step Five determination is not supported by substantial evidence; and (3) the ALJ's disability determination is not supported by substantial evidence. (Doc. No. 5, Pages 1-4). In response, Defendant argues that the ALJ's disability determination is supported by substantial evidence. (Doc. No. 6, Pages 2-11). Defendant argues that the ALJ properly discredited Plaintiff's subjective complaints and properly assessed his RFC. *See*

*id.* at 4-9.  Defendant also argues that the VE's testimony provides substantial support for the ALJ's finding that there is other work existing in the national economy that Plaintiff can perform.  *See id* at 9-11.  Because this Court finds the ALJ erred in assessing Plaintiff's subjective complaints, this Court will only address Plaintiff's first claim.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a *Polaski* analysis.  Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely analyzed the medical records and made the following two statements:

> In making this finding [the RFC determination], the undersigned considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p.  The undersigned also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p and 96-6p.

(Tr. 15).

> As to the claimant's allegations of pain, testimony was evaluated and compared to prior statements and other evidence.  It is the conclusion of the undersigned that the pain experienced by the claimant is limiting but when compared with the total evidence, not severe enough to preclude all types of work.  The issues is [sic] not the existence of pain or other symptoms, but whether the symptomatology experienced by the claimant is of sufficient severity to preclude him from engaging in all types of work activity.  Of additional support to this conclusion, the undersigned notes that in August 2004 the claimant refused to have trigger point injections because he allegedly does not like needles despite having alleged severe pain.

(Tr. 17).  This lack of analysis is entirely insufficient under *Polaski*, and this case must be reversed and remanded for further consideration consistent with *Polaski*.

7

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 10th day of June, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE